Filed 8/18/16  P. v. Villalobos CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALLEN DUARTE VILLALOBOS,<br><br>    Defendant and Appellant. | H042992<br>(Monterey County<br> Super. Ct. No. SS130051) |

Defendant Allen Duarte Villalobos got into an argument with his girlfriend.  He violently assaulted her, inflicting cuts, abrasions, and a bite mark.  She summoned the police, and he admitted to the police that he had assaulted her and bitten her.  Police officers searched defendant's bedroom when they arrested him and found cocaine, baggies, and a scale.  Defendant admitted that he sold cocaine.

Defendant was charged by amended information with two counts of forcible rape (Pen. Code, § 261, subd. (a)(2)),[1] one count of forcible sexual penetration (§ 289, subd. (a)(1)(A)), sexual battery (§ 243.4, subd. (a)), inflicting corporal injury on a cohabitant (§ 273.5, subd. (a)) with a great bodily injury (GBI) enhancement allegation (§ 12022.7, subd. (e)), aggravated assault (§ 245, subd. (a)(4)), possession of cocaine for

---

[1]     Subsequent statutory references are to the Penal Code unless otherwise specified.

sale (Health & Saf. Code, § 11351), and two counts of misdemeanor vandalism (§ 594, subd. (b)(2)(A)).

He entered into a plea agreement under which he pleaded no contest to the inflicting corporal injury count, admitted the GBI enhancement allegation, and pleaded no contest to the possession for sale count in exchange for dismissal of the other counts, a stipulated sentence of eight years in prison with execution of sentence suspended, and a grant of felony probation. When the court took defendant's pleas and admission, it told him that the execution-suspended sentence meant that "you probably either should be in prison now, or you're on a very, very tiny rope" where any violation of probation "no matter how slight" would mean "that prison term is triggered."

In July 2014, the court imposed the stipulated sentence, suspended its execution, and granted defendant probation for four years. The conditions of probation included that defendant (1) "obey all laws," (2) "[t]otally abstain from the knowing use of alcoholic beverages," (3) "not knowingly use or possess alcohol, intoxicants or other controlled substances without the prescription of a physician," and (4) permit the search of his person, car, and personal effects at any time without a warrant. The parties thereafter stipulated to a restitution order.

Defendant had been out of custody for just six months when the probation department filed a May 11, 2015 petition alleging that defendant had violated his probation by failing to abstain from alcohol and by failing to obey the law. His probation was summarily revoked on May 12. At the formal probation violation hearing on September 18, evidence was presented that on May 10 defendant was stopped by the police while driving. He admitted that he had been drinking alcohol, and cocaine was found during a search of his vehicle. Defendant testified at the hearing and admitted that he had consumed a beer on May 10. He denied that the cocaine in his vehicle belonged to him and denied that he knew it was in his vehicle. The court found that defendant had violated his probation both by consuming alcohol and by possessing the cocaine.

2

A supplemental probation report was prepared, and the probation officer expressed the opinion that defendant was "a poor candidate for continued probation supervision." The court lifted the suspension of the prison term and committed defendant to state prison for the stipulated eight-year term.  Defendant timely filed a notice of appeal.

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues.  Defendant was notified of his right to submit written argument on his own behalf but has failed to avail himself of the opportunity.  Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Bamattre-Manoukian, J.


People v. Villalobos
H042992

4